17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Ivan "Ike" GRINER, Defendant-Appellant.
 No. 93-30080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1994.*
Decided Feb. 11, 1994.
 
 Before: WRIGHT, REAVLEY,** and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Defendant Griner was indicted and convicted of conspiracy to manufacture etc. cocaine from April of 1988 through September 20, 1990. Griner and Burnes were the co-conspirators. Griner's principal role was to bring liquid cocaine from Colombia. He assisted Burnes at the latter's home in converting the liquid into powder for marketing. Griner also made trips to Alaska to establish a market for cocaine there. After Burnes was arrested, Griner attempted to enlist another person to retrieve cocaine and cash concealed in Burnes' home. We find no error and affirm.
 
 
 3
 Griner says paragraphs 7 through 13, overt acts alleged in the indictment to have been committed in the course of the conspiracy, should have been stricken. These acts relate to Griner's attempt to retrieve cocaine and cash from co-conspirator Burnes' home after Burnes' arrest. Griner says the conspiracy was over and the attempted burglary was a new and separate crime.
 
 
 4
 Griner was not charged with attempted burglary, nor does the indictment state that he conspired to burglarize Burnes' home. The attempt to retrieve the cocaine and cash is set out in the indictment as action taken during and in furtherance of the conspiracy with which Griner was charged.
 
 
 5
 As for the conspiracy being ended, the arrest of a co-conspirator does not necessarily terminate a conspiracy. See United States v. Disla, 805 F.2d 1340, 1348 (9th Cir.1986). It is not unusual for illegal combinations to exist and to be furthered through the continuing efforts of the conspirators free from incarceration.
 
 
 6
 Then Griner complains of the computation of base offense points. He says the volume of cocaine counted in the sentencing improperly included transactions after he had withdrawn from the conspiracy, and he also complains of the two point enhancement for the use of firearms by co-conspirator Burnes foreseen by Griner.
 
 
 7
 The evidence supports the court's finding that the conspiracy, and Griner's role in it, continued to September of 1990 when Griner attempted to retrieve the cocaine for the conspiracy. See United States v. Little, 753 F.2d 1420, 1448 (9th Cir.1984). The court also found that Griner was the primary cocaine supplier. Any error in its failure to make a specific finding that Griner could reasonably foresee the cocaine involved is harmless. See Williams v. United States, 112 S.Ct. 1112, 1121 (1992). The district court fully explains the two point enhancement for use of firearms during the conspiracy: the presence of 11 fully loaded weapons strategically located throughout the Burnes house together with Griner's familiarity with the house. The evidence and law support the court's decision.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3